J-S44029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON K. SCOTT | : | |
| | : | |
| Appellant | : | No. 602 EDA 2023 |

Appeal from the Judgment of Sentence Entered January 20, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000762-2022

BEFORE:   OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 26, 2024**

Appellant Aaron K. Scott appeals from the judgment of sentence imposed after he pled guilty to third-degree murder and related offenses.  On appeal, Appellant raises claims regarding the discretionary aspects of his sentence.  We affirm.

The underlying facts of this matter are well known to the parties.  ***See*** Trial Ct. Op., 4/3/23, at 2-5.  Briefly, on October 18, 2021, Appellant was involved in a physical altercation with another individual on the 3300 block of Ryan Avenue in Philadelphia near Lincoln High School.  The altercation occurred at approximately 2:48 P.M., which was shortly after students at Lincoln High School were dismissed for the day.  After Appellant and the other person exchanged punches, Appellant backed up, drew a gun, and fired

_____

[*] Retired Senior Judge assigned to the Superior Court.

multiple shots. Appellant then fled the scene. However, Appellant continued firing the gun and shot into the crowd multiple times. Two bystanders were shot during this incident: a sixteen-year-old male and a sixty-six-year-old male. The sixteen-year-old was transported to the hospital in critical condition and ultimately survived following numerous surgeries and after spending months in hospitals and a rehabilitation facility. However, the sixty-six-year-old was pronounced dead at the hospital from a gunshot wound to the head. Appellant was apprehended a few blocks away from the scene of the shooting in possession of a handgun. *See id.* at 2-5.

On October 18, 2021, Appellant was arrested and charged with murder, attempted murder, aggravated assault, possessing an instrument of a crime (PIC), simple assault, recklessly endangering another person (REAP), and criminal conspiracy. *See id.* at 1. On October 28, 2022, Appellant entered an open guilty plea to third-degree murder, attempted murder, aggravated assault, PIC, simple assault, and REAP.[1] The trial court sentenced Appellant to a term of twenty to forty years of incarceration for third-degree murder, a consecutive term of ten to twenty years of incarceration for attempted murder, a consecutive term of five years of probation for PIC, and a two-year term of probation for REAP to be served concurrently with the sentence for

---

[1] 18 Pa.C.S. §§ 2502(c), 901(a), 2702(a)(1), 907(a), 2701(a), and 2705 respectively.

PIC.[2]  **See** Sentencing Order, 1/20/23, at 1-2.  This resulted in an aggregate sentence of thirty to sixty years of incarceration, followed by five years of probation.  **See id.** at 2.

Appellant filed a timely post-sentence motion to modify his sentence, which the trial court denied.  Appellant subsequently filed a timely notice of appeal.  Both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

Did the trial court abuse its discretion in imposing an aggregate sentence of thirty (30) to sixty (60) years following an open plea?

Appellant's Brief at 5 (formatting altered).[3]

Appellant argues that the trial court failed to consider relevant mitigating factors and Appellant's rehabilitative needs when imposing its sentence.  **See** Appellant's Brief at 8.  Appellant also asserts that the trial court imposed excessive consecutive sentences without placing sufficient reasons on the record.  **See id.** at 9-10.

---

[2] Aggravated assault and simple assault merged with third-degree murder for sentencing purposes.  **See** Sentencing Order, 1/20/23, at 1-2.

[3] Appellant does not challenge his probationary sentences and only presents a claim concerning the sentences of incarceration for third-degree murder and attempted murder.  **See** Appellant's Brief at 5, 9; Rule 1925(b) Statement, 3/16/23, at 1.  Accordingly, we will address only the sentences imposed for third-degree murder and attempted murder.  **See**, **e.g.**, **Commonwealth v. Lamont**, --- A.3d --- 2024 PA Super 3, 2024 WL 106985 at *8, n.12, (Pa. Super. filed Jan. 9, 2024) (explaining that claims that are not raised in either the Rule 1925(b) statement or in the statement of questions involved are waived on appeal).

- 3 -

The Commonwealth contends that Appellant's sentences were within the standard range of the sentencing guidelines. *See* Commonwealth's Brief at 1, 9. The Commonwealth emphasizes that there was more than one victim, and it asserts that the sentences were not unreasonable and the trial court properly exercised its discretion to impose consecutive sentences. *See id.* at 6-11. The Commonwealth concludes that the trial court provided appropriate reasons for the sentences and considered all relevant sentencing factors. *See id.* at 8-14.

"[C]hallenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Derry*, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247,

1251 (Pa. Super. 2006) (citations omitted); *see also* Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Here, the record reflects that Appellant preserved his sentencing challenge by raising it in his post-sentence motion, filing a timely notice of appeal and a court-ordered Rule 1925(b) statement, and including a Rule 2119(f) statement in his brief. *See Corley*, 31 A.3d at 296. Further, we conclude that Appellant's issue raises a substantial question for our review. *See Commonwealth v. Swope*, 123 A.3d 333, 340 (Pa. Super. 2015) (concluding that the "[a]ppellant's challenge to the imposition of his consecutive sentences as unduly excessive, together with his claim that the court failed to consider his rehabilitative needs and mitigating factors upon fashioning its sentence, presents a substantial question"); *Commonwealth v. Cartrette*, 83 A.3d 1030, 1042 (Pa. Super. 2013) (stating that a claim that the trial court imposed a sentence that is not consistent with the gravity of

the crime, the need for public protection, or the appellant's rehabilitative needs raised a substantial question). Accordingly, we will review the merits of Appellant's claims.

Our standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Commonwealth v. Raven*, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (some citations omitted and some formatting altered).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant[.]" *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). "A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted).

Additionally, the trial court "must consider the sentencing guidelines." *Fullin*, 892 A.2d at 848 (citation omitted). However, "where the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed."

*Commonwealth v. Edwards*, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered).

"Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. [An a]ppellant is not entitled to a 'volume discount' on his multiple convictions by the imposition of concurrent sentences." *Commonwealth v. Brown*, 249 A.3d 1206, 1216 (Pa. Super. 2021) (citations omitted and formatting altered).

Here, the record reflects that the trial court ordered a PSI report, which it reviewed prior to sentencing. *See* N.T. Sentencing Hr'g, 1/20/23, at 3. At the sentencing hearing, the trial court considered the sentencing guidelines, Appellant's mental health issues, the need to protect the public, and the gravity of the offense as it relates to the impact on the victims and community. *See id.* at 4, 70-71.

In its Rule 1925(a) opinion, the trial court stated:

> The court reviewed the [PSI] report, considered all the testimony and arguments of counsel and imposed a sentence within the applicable guideline range.[4]    The undersigned considered

---

[4] The trial court correctly concludes that the sentences were within the standard range of the sentencing guidelines. *See* Trial Ct. Op., at 9. The applicable sentencing guideline range for Appellant's third-degree murder conviction with the deadly weapon used enhancement was ninety months to the statutory limit of twenty years of incarceration. *See* 204 Pa. Code § 303.17(b); 18 Pa.C.S. § 1102(d). Accordingly, Appellant's sentence of twenty to forty years of incarceration was within the standard range of the guidelines. *See* 204 Pa. Code § 303.17(b); 18 Pa.C.S. §1102(d). Further, Appellant's

*(Footnote Continued Next Page)*

[Appellant's] mental health and rehabilitative needs as well as his history, the need for the protection of the public and the gravity of the offense.

[Appellant's] claim that this is an excessive sentence is further belied by the horrific facts of this case. This was a brutal, cold, callous, merciless, and senseless murder. [Appellant] shot into a group of about fifty innocent students as school was letting out. The fact that only two people were hit is amazing. That [the sixteen-year-old] is still alive is nothing short of miraculous. [This victim] testified about how his entire life has changed and will never return to what it was and explained the injuries and pain he still faces daily, including that his one eye still doesn't close completely, and he stumbles when he tries to walk, all because [Appellant] shot him, an unarmed victim of [Appellant's] unwarranted anger. [The other victim,] a 66-year-old grandfather[,] had just dropped off a prom dress for his granddaughter and was driving away when he was shot and killed by [Appellant]. That family is at a complete loss as to this senseless killing and even struggle with blaming themselves for the loss of their father and grandfather, for if he had not delivered the dress for his granddaughter that day, [he] would still be alive. Repeatedly shooting into a crowd of innocent students getting out of school — a crowd of at least fifty children — a crowd that had not done or said anything to [Appellant], in the early afternoon is an abomination. The terror and horror inflicted on the school and the entire neighborhood by this cannot be understated. There was not the slightest justification or reason for [Appellant's] cowardly, murderous attack on our society, especially our children.

_____

sentence of ten to twenty years of incarceration for attempted murder was also within the standard range of the sentencing guidelines. Appellant states that the OGS for attempted murder was 13. *See* Appellant's Brief at 9. However, that assertion is incorrect. Rather, "[c]onvictions for attempt . . . to commit murder receive the [OGS] of 14 if there is serious bodily injury[.]" 204 Pa.Code § 303.3(c)(4). Here, there is no dispute that the sixteen-year-old victim sustained serious bodily injury. Accordingly, although Appellant's prior record score was zero, the applicable minimum guideline range for attempted murder with serious bodily injury with the deadly weapon used enhancement was ninety months of incarceration to the statutory limit. *See* 204 Pa. Code § 303.17(b); 18 Pa.C.S. § 1102(c). Therefore, Appellant's sentence of ten to twenty years of incarceration for attempted murder was within the standard range of the guidelines.

> This court examined [Appellant's] background, character and rehabilitative needs, and the relevant information regarding these factors, all of which was considered. An abuse of discretion in sentencing is not shown merely by an error in judgment. Rather, [A]ppellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. The court reviewed all of the material submitted, considered all of the testimony and arguments of counsel and imposed a sentence. The undersigned considered [Appellant's] mental health and rehabilitative needs as well as his history, the need for the protection of the public and the gravity of the offense.

Trial Ct. Op., at 9-11 (citations omitted and formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court. *See Raven*, 97 A.3d at 1253. In addition to considering the PSI report, the record reflects that the trial court considered facts of the case, the sentencing guidelines and sentencing factors including Appellant's mental health history and psychiatric report, Appellant's lack of criminal history, the impact of the crimes on the victims, and the need to protect the community.[5] *See Commonwealth v. Kurtz*, 294 A.3d 509, 536 (Pa. Super. 2023) (stating that "all the Sentencing Code requires is that the court **consider** all of the relevant factors when imposing the sentence" (citation omitted and emphasis added)), *appeal granted on other grounds*, 306 A.3d 1287 (Pa. 2023); *see also Commonwealth v. Macias*, 968 A.2d 773, 778 (Pa. Super. 2009) (explaining that an appellate court cannot reweigh the sentencing factors and

---

[5] *See* N.T. Sentencing Hr'g at 4, 71.

impose its judgment in place of the sentencing court's where the sentencing court was fully aware of all mitigating factors).

On this record, we have no basis to conclude that the trial court abused its discretion in imposing Appellant's sentence. ***See Edwards***, 194 A.3d at 637; ***see also Brown***, 249 A.3d at 1216 (noting that a defendant is not entitled to a "'volume discount' on his multiple convictions by the imposition of concurrent sentences" (citations omitted)). Therefore, Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/26/2024